CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
9/17/2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KEITH EDWARD MOSS,** )  | |
|     Petitioner, ) | Civil Action No. 7:24cv227 |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| **CHADWICK DOTSON,**[1] ) | By:  Robert S. Ballou |
|     Respondent. ) | United States District Judge |

Keith Edward Moss, a Virginia inmate proceeding *pro se*, has filed a "Petition in the Nature of a Writ of Mandamus."  Rule 81(b) of the Federal Rules of Civil Procedure has abolished writs of mandamus in United States District Courts.  Accordingly, the court construed the petition as a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, because the remedy Moss seeks, release from custody, lies in habeas.  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  However, upon review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court has determined that Moss already has a pending habeas corpus petition in this court, *Moss v. Dotson*, No. 7:24cv00071 (filed Jan. 29, 2024), and therefore, the court must dismiss this petition as successive, untimely, and without merit.

This case arises from Moss's conviction by the Lynchburg Circuit Court, following a jury trial, on eight counts of assault and battery on a law enforcement officer, two counts of malicious wounding, and a count of obstructing justice.  The petition describes Moss's trial as "a malicious abuse of process," but the gravamen of his complaint is that his indictment was not timely issued

---

[1] Under Rule 2(a) of the Rules Governing § 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody.  That officer is Chadwick Dotson, Director of the Virginia Department of Corrections.  Chadwick Dotson shall be named as the respondent, and the Clerk shall update the docket accordingly.

under Virginia Code § 19.2-242.  Moss states that an indictment was "created against him" by the Commonwealth's Attorney on June 14, 2021, which he alleges was not "filed against him before the end of the second term of the court at which he [was] being held to answer."  The indictment attached to his petition was actually issued by the grand jury on July 6, 2021.

      The court must dismiss this petition for several reasons:  First, as indicated previously, Moss has already filed a § 2254 petition which is pending before this court.  Under 28 U.S.C. § 2244(b), a federal court must dismiss a second or subsequent habeas petition unless it meets certain conditions.  This rule applies whether the successive petition raises the same claims raised in the first petition or whether new claims are raised.  *Id.* at (b)(1)-(2).  Moss did not raise his claim in the petition filed on January 29, 2024. The court could dismiss this claim without prejudice, to allow Moss to comply with the requirements of § 2244(b)(2) and (3), which require prior approval from the Circuit Court of Appeals upon a showing that the new claim (1) relies on a new rule of law, previously unavailable, that has been made retroactive to cases on collateral review, or (2) that the claim is one that could not previously have been discovered by the petitioner in the exercise of due diligence AND the facts underlying the newly discovered claim (if proved) would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty.  Moss's claim does not meet those criteria, so the Fourth Circuit Court of Appeals would not give him prior approval to file this successive claim.  For that reason, the court must dismiss this claim.

      Next, this petition is untimely.  Moss is no longer in custody by virtue of the original commitment order.  He is in custody because of the final judgment entered by the trial court.  The time for objecting to alleged unlawful detention was after the end of the second term of

court had passed and before the indictment was issued. *See Glover v. Commonwealth*, 10 S.E. 420, 421–22 (Va. 1889).

Finally, on the merits, Moss's argument is based on inaccurate facts and misinterpretation of the statute he cites. In pertinent part, the code section states:

> A person in jail on a criminal charge *that has been certified or otherwise transferred from a district court to a circuit court* shall be discharged from imprisonment if a[n] . . . indictment . . . be not found or filed against him before the end of the second term of the court at which he is held to answer . . . . A discharge under the provisions of this section shall not, however, prevent a reincarceration after a presentment or indictment has been found.

Va. Code § 19.2-242 (emphasis added). According to the Virginia Courts Case Information website, Moss was in Lynchburg General District Court for these charges on June 6, 2021, where he either waived his preliminary hearing or the court found probable cause to certify the matter to the grand jury. Either way, the matter was transferred from the district court only one month before the indictment issued on July 6, 2021, well within the time required by § 19.2-242.

### III. Conclusion

For the reasons stated, it is hereby **ORDERED** that Moss's petition herein is **DISMISSED WITH PREJUDICE**, and this matter is **STRICKEN** from the docket of this court. Further, finding that Moss has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Opinion and Order to Mr. Moss.

Enter: September 17, 2024

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

3